108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert O'NEAL, Petitioner-Appellant,
v.
Terry L. MORRIS, Respondent-Appellee.
 No. 94-3473.
 United States Court of Appeals, Sixth Circuit.
 March 6, 1997.
 
 On Appeal from the United States District Court for the Southern District of Ohio, No. 86-00976; Herman J. Weber, Judge.
 S.D.Ohio
 REMANDED.
 Before: MARTIN, Chief Judge; NORRIS and MOORE, Circuit Judges.
 PER CURIAM.
 
 
 1
 On appeal from the district court's order denying his motion to alter or amend the judgment, Robert O'Neal maintains that his original petition for writ of habeas corpus contained two potentially meritorious claims and that the district court failed to address one of his claims. For the reasons below, we remand to the district court with instructions to review the issues raised regarding the as-yet unaddressed claim that there was a denial of due process during his state appeal.
 
 
 2
 In 1981, an Ohio jury convicted Robert O'Neal of aggravated murder, aggravated robbery, and kidnapping in connection with the death of Henry Podborny. The evidence produced at trial revealed a conspiracy among at least six individuals--including O'Neal and Podborny's wife--to kidnap, rob and murder Podborny. O'Neal unsuccessfully appealed his conviction to the Ohio Court of Appeals and the Ohio Supreme Court.
 
 
 3
 What followed the state appeals is procedurally complicated. In 1986, O'Neal filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, containing numerous claims for relief. A Magistrate Judge recommended that O'Neal's petition be granted because (1) O'Neal's trial had been fundamentally unfair, and (2) O'Neal's appeal had been constitutionally flawed. On June 26, 1992, the district court issued an order conditionally granting O'Neal's petition, reasoning that O'Neal had been denied a fair trial. With regard to O'Neal's state appeal issue, the district court stated, "Given this Court's agreement with the Magistrate Judge's primary conclusions, there is no need to reach [O'Neal's] claim that he was deprived of due process during his state appeal." Judgment was entered pursuant to the district court's order on July 21, 1992.
 
 
 4
 In the original appeal to this Court, neither party addressed O'Neal's claim regarding his state appeal. After considering only O'Neal's claim of trial error, this Court reversed the judgment of the district court. O'Neal v. Morris, 3 F.3d 143 (6th Cir.1993). In compliance with this Court's mandate, the district court entered judgment denying O'Neal's petition on December 21, 1993. On December 30, O'Neal filed a motion to alter or amend the district court's judgment, arguing that his claim regarding error in his state appeal had never been addressed by the district court. However, on January 20, 1994--before the district court ruled on his motion--O'Neal also filed a petition for writ of certiorari with the Supreme Court, appealing this Court's decision regarding his claim of trial error.
 
 
 5
 On March 21, 1994, the district court entered an order denying O'Neal's motion, stating (1) that the motion was not timely with respect to the district court's July 21, 1992 judgment, and (2) that the court lacked jurisdiction to hear the motion due to the pendency of O'Neal's appeal to the Supreme Court. On April 20, 1994, the Supreme Court granted certiorari. O'Neal v. McAninch, 114 S.Ct. 1396, 128 L.Ed.2d 70 (1994). That same day, O'Neal filed a notice of appeal with the district court, appealing the denial of his motion to alter or amend. This Court then stayed O'Neal's appeal, pending resolution of the case in the Supreme Court.
 
 
 6
 On February 21, 1995, the Supreme Court rendered a decision, remanding the case to this Court. O'Neal v. McAninch, 513 U.S. 432 (1995). This Court then reconsidered the case, and on August 16, 1995, issued an opinion consistent with its original opinion. O'Neal v. Morris, 64 F.3d 663 (6th Cir.1995). This Court then issued a briefing schedule for O'Neal's appeal regarding his motion to alter or amend.
 
 
 7
 Although he acknowledges that his claim of trial court error has been fully adjudicated, O'Neal requests that this Court remand the case so that the district court can consider the merits of his claim of state appeal error for the first time.
 
 
 8
 We find that the district court erred by concluding that O'Neal's motion to alter or amend was untimely filed. O'Neal filed his motion on December 30, 1993--only nine days after entry of the 1993 judgment. Furthermore, O'Neal's motion to alter or amend references the 1993 judgment, not the 1992 judgment. The district court's observation that O'Neal's motion to alter or amend was filed more than a year after the judgment is, therefore, incorrect. O'Neal's motion was timely filed under Rule 59(e) of the Federal Rules of Civil Procedure.
 
 
 9
 As the Supreme Court has disposed of all issues for which it granted certiorari, on remand from this Court, the district court is vested with complete jurisdiction over the case. Cf. Foman v. Davis, 371 U.S. 178 (1962).[1] We therefore REMAND this case to the district court for consideration of O'Neal's claim that he was deprived of due process during his state appeal.
 
 
 
 [1]
 In Foman, the Supreme Court addressed an equally complex case, involving multiple notices of appeal and a motion to alter or amend the judgment. Faced with the decision to end the litigation or permit the petitioner to have her day in court, the Court stated:
 It is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities. "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."
 Foman, 371 U.S. at 181-182, quoting Conley v. Gibson, 355 U.S. 41 (1957).